KEVIN D. REESE, CA Bar No. 172992
kevin.reese@ogletreedeakins.com
LISA M. BOWMAN, CA Bar No. 253843
lisa.bowman@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105
Telephone: 415.442.4810
Facsimile: 415.442.4870

Attorneys for Defendant
RICH DOSS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HECTOR GONZALEZ<br><br>Plaintiff,<br><br>vs.<br><br>RICH DOSS, INC.; DOES 1 THROUGH 50, INCLUSIVE<br><br>Defendant. | Case No. CaseNumber<br><br>**DEFENDANT RICH DOSS, INC.'S NOTICE OF REMOVAL OF CIVIL CASE**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties; Notice of Related Cases; Certification Pursuant to F.R.C.P. 7.1]<br><br>Action Filed: December 1, 2016<br>Trial Date: None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Rich Doss, Inc. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. Sections 1331, 1441, and 1446. because the action filed by Plaintiff Hector Gonzalez ("Plaintiff") presents a federal question by alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

## I. THE STATE COURT ACTION

1. On December 1, 2016, Plaintiff filed a Complaint in the Superior Court of California, County of Los Angles captioned *Hector Gonzalez vs. Rich Doss, Inc.,* case number BC642370. The Complaint purports to assert claims for: (1) Failure to pay minimum wage; (2) Failure to pay wages including overtime; (3) Failure to provide meal periods; (4) Failure to provide rest periods; (5) Failure to furnish accurate wage statements; (6) Failure to pay wages following employment severance; (7) Retaliation; and (8) Violation of Business & Professions Code Section 17200 et seq. Defendant was served with the Complaint by hand on December 8, 2016. A true and correct copy of the Complaint and other documents served on Defendant is attached to this Notice of Removal ("Notice") as **Exhibit A.** A true and correct copy of Defendant's Answer to the Complaint is attached as **Exhibit B.**

## II. VENUE

2. The Superior Court of California, County of Los Angeles, is located within the territory of the Central District of California. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. §84(c)(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. INTRADISTRICT ASSIGNMENT

3. Removal and Intradistrict Assignment to the Western Division of this

Court is proper because the alleged acts in Plaintiff's Complaint arose in the County of Los Angeles.

## IV. REMOVAL BASED ON FEDERAL JURISDICTION

1. This action is properly removable under 28 U.S.C. § 1441(b), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2. Plaintiff's Complaint pleads that Defendant violated the FLSA, 29 U.S.C. §§ 206 and 207, by allegedly failing to pay overtime compensation and minimum wage.

3. By asserting claims under federal law, specifically the FLSA, Plaintiff's Complaint asserts a federal question under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

## V. SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

4. This Court has supplemental jurisdiction over Plaintiff's state law claims. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

5. Here, Plaintiff's state law claims alleging California Labor Code violations relate closely to his FLSA claims. The claims all arise out of a common nucleus of operative facts, as established by the Complaint's pleading of a single group of "Factual Allegations Relevant to All Causes of Action." (Complaint at page 4, line 4, through page 6, line 27.) All causes of action assert wage and hour

issues in connection with Plaintiff's employment with Defendant. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

4. As 28 U.S.C. § 1446(a) requires, copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

5. As 28 U.S.C. § 1446(b)(3) requires, Defendant's Notice was filed within thirty (30) days after Defendants were served with a copy of Plaintiff's Complaint.

6. As 28 U.S.C. § 1446(d) requires, Defendant will provide notice of this Removal to Plaintiff via his attorneys of record.

7. As 28 U.S.C. § 1446(d) further requires, Defendant will file a copy of the original Notice of Removal with the Clerk of the Superior Court of California, County of San Francisco and the Clerk of the Northern District of California. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

## VI. <u>CONCLUSION</u>

8. Because this civil action arises under the laws of the United States, specifically the FLSA, 29 U.S.C. §§ 206 and 207, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

9. If this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause, so Defendant may submit a more detailed brief and/or explanation outlining

the bases for removal.

DATED: January 9, 2017

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Lisa M. Bowman*
KEVIN D. REESE
LISA M. BOWMAN

Attorneys for Defendant
RICH DOSS, INC.

28234308.1